DOMINGA APONTE MORENO, Plaintiff and Appellant, *v.* WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 3700. Argued November 24, 1925.—Decided March 26, 1926.

*Felipe Colón Díaz* and *Alfonso Quintana Cajas* for the appellant. Attorney General George C. Butte, Carlos Llauger Díaz and Emilio Aldrey for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On April 28, 1924, Dominga Aponte Moreno petitioned the

the Workmen's Relief Commission for compensation for the accidental death of laborer Jesús Aponte on December 31, 1918, as the result of a fall from a ladder while he was working as a tinsmith in putting up gutters on the house of Pedro Juan Armstrong, the injuries from the fall being so severe that he died on the same day. The petitioner alleged that both she and Flora Moreno, foster mother of Jesús Aponte, were dependent on the deceased's earnings of $1.50 per day. In January, 1925, the Workmen's Relief Commission denied that petition for compensation on the ground that more than five years had elapsed since the date of the alleged accident, of which it had no knowledge except from the petition; that the foster mother had no right to compensation under the law in force in 1918, and that the deceased's cousin, Dominga Aponte, did not prove that she was a beneficiary because the law required that she should depend exclusively on the laborer's earnings for her support.

On appeal from that decision Dominga Aponte Moreno filed a complaint in the District Court of Ponce and alleged in substance that on December 31, 1918, Jesús Aponte was a young and healthy laborer who was working as a tinsmith on the house of Pedro J. Armstrong in Ponce, putting some gutters on a two-story building, when the ladder on which he was poised broke and caused his fall which injured him so severely that he died a few hours later; that said laborer left no ascendants nor descendants, the plaintiff being his cousin and the only nearest relative who depended exclusively for her support on his earnings, and with whom the deceased had lived until his death; that she was never informed of her right to compensation; that in 1924 she claimed compensation for that accident from the Workmen's Relief Commission, but that right was denied to her in its decision that she exhibited with the complaint; that the plaintiff had not waived the benefits of the law, and that no person had compensated her for the death of Jesús Aponte.

The Workmen's Relief Commission answered the complaint and set up various defenses, one of which was that the complaint did not state facts sufficient to constitute a cause of action and that the right to claim compensation was barred by section 8 of Act No. 10 of 1918. That last defense was the only basis of the judgment dismissing the complaint rendered by the lower court after trial.

On appeal from that judgment the plaintiff attempts to show that the court below erred in holding that the action was barred, but we can leave aside that question for the reason that there is another more fundamental and previous, namely, whether the complaint states facts sufficient to support the action.

The plaintiff based her right to indemnity on the Workmen's Accident Compensation Act of February 25, 1918, which was in force when the death of Jesús Aponte occurred, but that statute does not give her the right asserted, because the trust fund for compensation was created by premiums paid by employers subject to the Act, they being those employing more than three laborers, and as the compensations were paid from that fund, it seems logical that only laborers working for employers who employ more than three were entitled to the compensation established by the Act, for it would not be just or equitable that employers subject to the Act should pay for those employing less than three laborers; therefore, it follows that under that law in order that a laborer or his heirs may claim compensation from the Workmen's Relief Commission for the death of a laborer, it is necessary to allege and prove that his employer employed regularly more than three laborers, which was not done in the petition to the Relief Commission nor in the complaint filed in the district court. The evidence shows that it was necessary for Mr. Armstrong to have the gutters on his house repaired and contracted for such repairs with Aquilino Collazo who was assisted in that work by Jesús Aponte. The case of

212

*Rodríguez* v. *Heirs of Paoli,* 31 P.R.R. 463, has some analogy to this case.

For the reason stated the judgment appealed from must be affirmed.